IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 08-13 |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 11-5137 |
| | : | |
| | : | |
| CHARLES HINES | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    MAY 14, 2012

        Charles Hines ("Petitioner") is a federal prisoner

incarcerated at the Federal Correctional Institution in White

Deer, Pennsylvania. On August 11, 2011, Petitioner filed a pro

se motion to vacate, set aside, or correct his sentence,

pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 Motion")

because he argues that this Court erred by breaching the terms

of a written plea agreement. For the reasons set forth below,

the Court will decline to relitigate Petitioner's § 2255 claim

because it was raised and considered on direct appeal. Thus, the

Court will deny and dismiss with prejudice Petitioner's motion

and no certificate of appealability will issue.


I.    BACKGROUND

        On February 22, 2008, Petitioner pled guilty to

violating 18 U.S.C. § 922(g)(1) (convicted felon in possession

of firearm). Change of Plea Minutes, ECF No. 18. Petitioner was
sentenced to 188 months imprisonment, a five year period of
supervised release, a $1,000 fine, and a $100 special
assessment. Judgment, ECF No. 34.

      Petitioner appealed his sentence to the Third Circuit,
arguing that this Court, by sentencing him to 188 months
imprisonment, violated the terms of Petitioner's plea agreement
with the Government, which stated that the maximum sentence of
imprisonment for the crime to which he pled guilty was ten
years. United States v. Hines, 378 Fed. App'x 133, 134-135 (3d
Cir. 2010). The Third Circuit denied his appeal and the Supreme
Court denied Petitioner's subsequent petition for a writ of
certiorari. Id., cert. denied, Hines v. United States, 131 S.
Ct. 257 (2010).

      On August 11, 2011, Petitioner filed a pro se motion
to vacate, set aside, or correct his sentence, pursuant to 28
U.S.C. § 2255. ECF No. 42. The Government responded to
Petitioner's motion on August 19, 2011. ECF No. 44. The matter
is now ripe for disposition.

## II.  LEGAL STANDARD

      A federal prisoner in custody under sentence of a
federal court challenging his sentence based on a violation of
the United States Constitution or laws of the United States may

move the court that imposed the sentence to vacate, set aside,
or correct the sentence. See 28 U.S.C. § 2255(a) (Supp. IV
2011). In a § 2255 motion, a federal prisoner may attack his
sentence on any of the following grounds: (1) the judgment was
rendered without jurisdiction; (2) the sentence imposed was not
authorized by law or otherwise open to collateral attack; or (3)
there has been such a denial or infringement of the
constitutional rights of the prisoner as to render the judgment
vulnerable to collateral attack. See id. § 2255(b).

However, § 2255 generally "may not be employed to
relitigate questions which were raised and considered on direct
appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir.
1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d
Cir. 1986)). The district court is within its jurisdiction to
decline to relitigate issues brought on collateral proceedings
under § 2255 if those issues have been raised and decided at
both the criminal defendant's trial and on direct appeal. United
States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981); see also
United States v. Harmon, No. 06-315-01, 2009 WL 3837406, at *2
(E.D. Pa. Nov. 13, 2009).

A petitioner is entitled to an evidentiary hearing as
to the merits of his claim unless it is clear from the record

3

that he is not entitled to relief.[1] The Court must dismiss the

motion "[i]f it plainly appears from the motion, any attached

exhibits, and the record of prior proceedings that the moving

party is not entitled to relief." R. Governing § 2255

Proceedings for the U.S. District Courts 4(b). A prisoner's pro

se pleading is construed liberally. See Erickson v. Pardus, 551

U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt.,

641 F.3d 28, 32 (3d Cir. 2011).

## III. DISCUSSION

Based on the § 2255 Motion and the record of

proceedings, it plainly appears that Petitioner is not entitled

to relief because his motion presents an issue that has already

been considered on direct appeal. Therefore, the Court will deny

the motion and dismiss with prejudice.

Petitioner argues in his § 2255 motion that this Court

violated the terms of his plea agreement with the Government by

imposing a sentence greater than the plea agreement's erroneous

---

[1] Section 2255 provides,

> Unless the motion and the files and records of the
> case conclusively show that the prisoner is entitled
> to no relief, the court shall cause notice thereof to
> be served upon the United States attorney, grant a
> prompt hearing thereon, determine the issues and make
> findings of fact and conclusions of law with respect
> thereto.

28 U.S.C. § 2255(b) (Supp. IV 2011).

representation of a 10-year maximum term of imprisonment. § 2255

Motion 8. Petitioner requests an evidentiary hearing to

establish that the plea agreement was lawful as written and

agreed to by the parties and that he was entitled to specific

performance of the plea agreement's representation of a 10-year

maximum term of imprisonment. Id. at 12.

      This precise argument has already been considered by

the Third Circuit.[2] See Hines, 378 Fed. App'x at 134-135 (holding

---

[2] The Third Circuit twice noted the precise argument Petitioner
presented on appeal as follows: "He [Hines] filed this timely
appeal and argues the District Court erred by breaching the
terms of a written guilty plea agreement. We will affirm the
judgment of conviction and sentence." Hines, 378 Fed. App'x at
134. Moreover, "On appeal, Hines argues he was entitled to
specific performance of the plea agreement and the District
Court erred by imposing a sentence greater than the plea
agreement's erroneous representation of a 10-year maximum term
of imprisonment." Id. at 134-35.

      While acknowledging the discrepancy between the 10-
year maximum sentence representation in the guilty plea
agreement and the 15-year mandatory minimum sentence under the
Armed Career Criminal Act that Petitioner faced, the Third
Circuit held that the Government had met its burden of
establishing harmless error, that is, that the discrepancy was
"'unlikely to have affected a defendant's willingness to waive
his or her rights and enter a plea of guilty.'" Id. at 135
(quoting United States v. Powell, 269 F.3d 175, 185 (3d Cir.
2001)). Specifically, the Third Circuit explained that it was
harmless error because:

> (1) Hines knew of his status as a career criminal when
> he executed the guilty plea agreement, and (2) Hines
> refused to withdraw his guilty plea after being
> advised of the mandatory minimum sentence and
> receiving adequate time to consider his options.

Id.

that the plea agreement's erroneous representation of 10-year maximum term of imprisonment was harmless error). "Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." Orejuela, 639 F.2d at 1057. The court in Orejuela also noted that there are "strong policies favoring finality in litigation and the conservation of scarce judicial resources." Id. Accordingly, the Court declines to relitigate the argument set forth by Petitioner concerning his guilty plea agreement and subsequent sentencing.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2255 motion, the Court must also decide whether to issue or deny a Certificate of Appealability ("COA"). See § 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

> When the district court denies a habeas petition on
> procedural grounds without reaching the prisoner's
> underlying constitutional claim, a COA should issue
> when the prisoner shows, at least, that jurists of
> reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional
right and that jurists of reason would find it
debatable whether the district court was correct in
its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, an

evidentiary hearing is not required because it plainly appears

that Petitioner's § 2255 Motion is an attempt to relitigate

matters raised on appeal. For the same reason, jurists of reason

would not find it debatable whether the Court is correct in this

procedural ruling. Therefore, the Court will deny a COA.


**V.    CONCLUSION**

        For the reasons provided, the Court will deny and

dismiss with prejudice Petitioner's § 2255 Motion. The Court

will not issue a Certificate of Appealability. An appropriate

order will follow.